# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ZAKEE SHAREEF and LENARD MORRIS, <br><br> Defendants. | No. 05MJ110 <br><br> **DETENTION ORDER** |

This matter came on for detention hearing regarding the two above-named defendants on July 1, 2005. Assistant U.S. Attorney John Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Zakee Shareef appeared in person with his attorney, Robert Tiefenthaler. The defendant Lenard Morris appeared in person with his attorney, Robert Lengeling. The Government offered the testimony of Task Force Officer Shawn Jensen.

The court must determine whether any condition or combination of conditions will reasonably assure the defendants' appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied,* 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); *United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of the defendants as required and the safety of the

community if the court finds there is probable cause to believe the defendants committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* This presumption is subject to rebuttal by the defendants. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the record indicates both defendants have extensive criminal histories, including violent crimes. Significantly, both defendants were on parole from prior charges at the time of their arrest on the current charges, indicating neither has the ability to comply with conditions of release.

Furthermore, neither defendant has presented evidence to overcome the presumption of dangerousness that arises from the nature of the charges against them – serious drug charges involving the distribution of a significant quantity of drugs. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985); *United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Daniels*, 622 F. Supp. 178, 179 (N.D. Ill. 1985); *United States v. Jones*, 614 F. Supp. 96, 97-98 (E.D. Pa. 1985)). Viewing the record as a whole, the court finds nothing to indicate the defendants would refrain from engaging in criminal activity if released.

The court finds the Government has proved by a preponderance of the evidence that the defendants are a flight risk, and has proved by clear and convincing evidence that the

defendants would be a danger to the community if released. Therefore, the court finds the following:

1. Both defendants are committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford the defendants reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendants, or either of them as the case requires, to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

   (a) Attach a copy of the release/detention order to the appeal;

   (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, the defendants must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 1st day of July, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT